**George Edgar WARE, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 44532.

Court of Criminal Appeals of Texas.

Jan. 18, 1972.

Rehearing Denied March 1, 1972.

Frank H. Pope, Jr., Fort Worth, for appellant.

Frank Coffey, Dist. Atty., and Ann Delugach, Asst. Dist. Atty., Fort Worth, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for robbery by assault where the punishment was assessed by the court at 25 years following a verdict of guilty.

At the outset appellant contends the court erred in admitting his extrajudicial confession into evidence since "there was no showing that appellant had the mental or emotional competence to waive his right against self-incrimination at the time such statement was taken."

At the trial on the merits appellant objected to the admission of his statement. The jury was removed and a separate hearing before the court on the admissibility and voluntariness of the statement was conducted. See Article 38.22, Vernon's Ann.C.C.P.; Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908.

It was shown that after the alleged offense occurred on June 7, 1969, the 46 year old appellant was arrested on June 13, 1969, by Detective W. G. Hudson, of the Ft. Worth Police Department, and at 11 a.m. on that date was taken before a Justice of the Peace where he was warned in accordance with Article 15.17, V.A.C.C.P., and Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694. Appellant signed a statement acknowledging he had been so warned. He was placed in jail. Approximately 24 hours later Officer Hudson gave him warnings in accordance with Article 38.22, V.A.C.C.P., and the Miranda decision and testified the appellant expressly stated he did not want a lawyer and was willing to make a statement which he did. The appellant, who had "finished the 12th grade in school," then read the statement making several corrections and signed the statement at 11:55 a. m. on June 14, 1969. The statement contained an expressed waiver of the constitutional rights involved. Hudson testified that no threats or violence was used and that the statement was given voluntarily.

He also testified there was nothing about the demeanor or appearance of the appellant to indicate that he did not have his mental faculties "about him" or did not understand the nature and consequences of his statement.

The appellant did not offer any evidence nor object to the admission of the statement on the grounds now urged. Thereafter the court found the statement to have been given freely and voluntarily and to be admissible. The trial judge filed his "findings" as required by Article 38.22, V.A.C.C.P.

His complaint raised for the first time in his appellate brief is based on a portion of a psychiatric evaluation by Dr. Ralph Campbell, filed before trial among the papers of this cause. Prior to trial the court ordered that a psychiatric examination of the appellant be made. A written report to the court was made by Dr. Campbell in which he concluded that the appellant was legally sane. The report reflects that appellant was examined on May 8 and again on May 11, 1970. It reveals that as a result of appellant's conduct and appearance of not comprehending questions at the time of the initial examination, the subsequent examination was deemed advisable. The report then reads: "During this second examination, he displayed no evidence that he did not comprehend my questions and conversed with me in a manner which I regarded as normal for him considering his educational and cultural background and present predicament."

We find no merit in appellant's contention raised for the first time on appeal. There was no evidence as to appellant's mental or emotional competency introduced at the time the statement was offered and no objection on this basis was urged. The court properly admitted the statement into evidence. See Johnston v. State, Tex.Cr.App., 396 S.W.2d 404.

Next appellant challenges the sufficiency of the evidence to sustain the conviction.

Merville Spann testified she was the operator of "The Other Thing" drive in grocery in Tarrant County on June 7, 1969, and that as she and another employee, Ronald Guthrie, were leaving the store at 10 p. m. on that date they were accosted by two men who demanded their money at gunpoint. When the two were told the store's money had been picked up earlier and there was only "the roll of change" left, Mrs. Spann revealed she was shot in the cheek and Guthrie was shot and killed. Guthrie's 12 year old son, who was present, escaped unharmed. She fled to her nearby car but one of the men followed and took her purse from her.

She identified her two assailants as Randolph Brown and Michael William Long, and admitted she did not see the appellant at the scene.

 Long, who was 15 years old at the time of the alleged offense, testified and fully implicated the appellant in the planning of the robbery along with 18 year old Brown and revealed that the appellant was driving the get-away car on the night of the robbery. The testimony of this accomplice witness was sufficiently corroborated by appellant's statement. See Article 38.14, V.A.C.C.P.

The court charged the jury on the law of principals and the law as to accomplice witnesses.

Viewed in the light most favorable to the jury's verdict, the evidence is clearly sufficient to support the conviction.

The judgment is affirmed.